Mr. Jaffee. Mr. Chief Justice, and may it please the Court, this case presents two questions concerning the consequences of the failure to object or raise an issue at trial. On the question of whether jury instructions, not objected to by the government, become the baseline for measuring the sufficiency of the evidence at later stages  of the trial? And if the jury does so under a particular framework, it should be evaluated under that framework, and if it cannot sustain that verdict on the reasons used in its own deliberations, that verdict is not rational. Scalia. There's no doubt in this case, is there, that the jury found, beyond a reasonable doubt, that the defendant had committed a crime set forth in the indictment? Your Honor, I think that is not entirely correct. There is no doubt there was sufficient evidence that they could have done that. Whether they did that is a different matter. They had to. They had to find that plus something else, wasn't that the issue? It was the issue. So if they came in and said both are true, the first has to have been true. In the Fifth Circuit, we pointed out that there was the potential for confusion the way and could have been misread by them as or, and they would not have necessarily had unanimity on which elements of the and added up. I didn't read that as being a part of your case here. It is only so indirectly. So we raised this as plain error, and we lost that because we couldn't demonstrate prejudice because there was some uncertainty. Our point in this Court is that if the government wants to ignore or have a court disregard the instructions, it would then be its burden to prove harmlessness, and that same uncertainty about unanimity would then redound to our benefit. Scalia. The or would have been accurate, wouldn't it have? Well, the or would have been accurate, but would have required then a unanimity instruction to be clear which of the ors they agreed on. If six thought it was exceeding and six thought it was unauthorized, that is not a valid verdict. On the basis of the argument in this case, I didn't think there was any argument that the government tried this case solely on the theory that it encouraged others to exceed their authority. That's how they argued the case. That's how it was indicted. So why isn't it harmless error? Well, because the evidence is not sufficient to actually support that conclusion. The government certainly argued that. Sotomayor, it's not sufficient to support the conclusion that he exceeded authority. Yes. But it is more than sufficient, if not the only theory they could have convicted on, was that they had encouraged others to exceed their authority. No. I disagree, Your Honor. We argue that what he encouraged others to do, if one accepts all those facts as true, still would not constitute exceeding authority. That the government's case Can I ask you? I'm sorry. You wanted to finish that. I'm saying the government's theory about what is and is not exceeding authority is somewhat confused in this case, as it was confused in the presentation at the trial level, and therefore it wouldn't have been clear that that evidence would have been sufficient to show conspiracy to exceed. It doesn't seem clear to me that these two theories are actually separate. When Congress enacts a criminal statute, it often adds a lot of synonyms. So, you know, in a theft statute, whoever embezzles, steals, or unlawfully and willfully abstracts or converts, et cetera, they're not necessarily all distinct. And I don't really see a difference between making unauthorized access and exceeding authorized access. Let's take the first, making unauthorized access. Let's say somebody has access to some, an employee here in the building has access to lawful access, proper access to some records. If that employee at night sneaks into some other place in the building and starts looking through files, that person is making unauthorized access. And in the other situation, exceeding authorized access, let's say a person doesn't have any access to any files in the court, but sneaks in and looks at those files, that person had zero authorized access and therefore exceeded authorized access. I just think these are, it seems to me, reading them, they're two ways of saying the same thing. So the issue that's presented here may not the issue that you've asked us to decide may not actually be presented by the facts of this case. Your Honor, that question is actually not before this Court. The government does not dispute that exceeding and unauthorized are discrete and independent means of accomplishing a crime. The Ninth Circuit has held that they are discrete. Even the Fifth Circuit agrees that they're discrete. It just disagrees as to what the content of those two separate elements are. But for this Court's purposes, you need not ever go there. We've invited that in a footnote in our brief. You declined the invitation, which is entirely your prerogative. But that is an issue that will have to be briefed. I agree with you, it is not the clearest of statutes. But suffice it to say, the way this case has been brought to this Court, it has been assumed by the Fifth Circuit, assumed by the government, and I believe assumed by the Ninth Circuit, that they are discrete and independent elements that would be separately and distinctly proven. Kagan If I could go back to your main argument, you seem to be suggesting that the inquiry that we should be undertaking really focuses on this jury and how this jury made its decision. But I had thought that some of our prior cases, in particular Jackson, suggest that that's not the correct inquiry, that the correct inquiry really is as to a hypothetical jury, any jury. And so your focus on, well, the way that these instructions might have affected this particular jury just really isn't the right one at all. Fisher I partially agree with you, Your Honor. It is not that we are asking what the individuals on the jury thought or what their literal thought process was in the jury room, but it is, indeed, could any jury in the position of this jury, with the facts this jury received, with the instructions this jury received, could possibly have come to this conclusion. And our point is no rational jury facing the facts and instructions this jury faced could have convicted on the exceeding portion of the charge. Ginsburg But they convicted on the first portion, and that was enough. Fisher They convicted on a combined. Ginsburg They found beyond a reasonable doubt intentionally accessing a computer without authorization, period. And they were told they had to find that unanimously. So what else is there? Fisher It is not clear they understood that, because the unanimity instruction did not distinguish between unauthorized access and exceeding authorized access. Scalia That's what your case comes down to, failure to instruct the jury that they had to be unanimous as to both? Fisher No. That is what our objection to the government's harmlessness argument comes down to, which is the government cannot resolve the uncertainty in the jury room. Scalia It isn't a harmlessness argument. It's an argument that the jury was told you can convict if A plus B. They came back and said beyond a reasonable doubt, A plus B, he's guilty. And now you come and say, well, you know, he really wasn't guilty on B. There wasn't enough evidence. That's okay. He's still guilty on A. I just don't see how you get around that. Fisher I'll give you an example that may help clarify it. In murder charges, it is typically charged that one knowingly and intentionally killed a person. If the government fails to prove intentionally but had sufficient evidence for knowingly, you cannot support a murder conviction because they proved manslaughter unless it was specifically charged as a separate instruction to the jury. You can't just save it because, yes, of course they found manslaughter by implication. Kennedy But that's not this case. What you have hypothesized is an erroneous instruction that or a failure to find what was necessary. There's no failure to find what was necessary here. So your hypo doesn't work. Fisher Well, the what was necessary sort of begs the question a bit on necessary to whom. To the jury, it was necessary to find both. And they only at best could have found one. We do not concede that they did find one accurately because there is no necessity. Kennedy I could see that your argument might work in some cases if the jury was confused, if this meant that it took their attention away from a critical element, but I don't see that that's a possibility here, even assuming that Justice Alito's comments, which I think have considerable merit, are inapplicable, that you – that they are quite different. Fisher Well, as I said, I believe Justice Alito's comments are a fair issue to be litigated and it could be litigated on remand if this case goes back. It's not presented here. As to whether the jury was confused, we certainly argued the jury was confused. We couldn't meet our burden of prejudice, but our point is the government couldn't meet its burden of showing that didn't happen either. That's the Alano situation. We're right in the middle where there is confusion.  Breyer That sounds like what you're saying. I don't understand the point. Justice Scalia said, it seems right, it's charged you have to find A and B. Therefore, they must have found A. The indictment, superseding indictment, charged A. The statute says A. Okay? So we know they found A. Now, what's the problem? The problem seems to have been that they were also charged that they had to find B. Fine, they made a mistake. Did you object? No. Was it harmless? It doesn't seem to me how could it have been harmful. I mean, I think your problem is the problem with the extra B in the jury instruction. And so I would look to see what's your objection to B? Did you object? No. Then it must have been plain error. Well, it was erroneous, but was it harmful? Now, that I can understand, but you're arguing something else, and it is the something else that I don't understand. We are not arguing that it was erroneous or harmful to include that. We are arguing that it is binding. We are defending the jury instruction, not rejecting it. It is the government seeking to reject the jury instruction, and therefore, we think it is incumbent upon the government, if they want to analyze the verdict on grounds different than the instruction, to prove that doing so is not harmful. Is there anybody else? Well, I don't see the theory of it. The jury is instructed. He is guilty of murder if he killed someone, da, da, da, and he was looking at the ceiling. Okay? It doesn't make any sense. Okay. That was wrong. So now you're saying if the judge makes a mistake there, nobody objects, he says the wrong thing, and he was looking at the ceiling, you have to let the guy go, because although it didn't hurt anybody, no harm, you still have to let him go. And I just need the why. Sure. So the why, I think, comes from Jackson v. Virginia. So let's say they said, and he was a lawyer. It was not a case involving a jury instruction. It was a case involving sufficiency of the evidence. To show that the charge met the charge, the evidence proved the crime on either the statute or the indictment. But the reasons behind Jackson explain that we are looking to whether or not the jury could have rationally reached that conclusion, and the reason we do so is to enforce the presumption of innocence and to enforce the reasonable doubt instruction. So if a jury instructed erroneously that the person needed to be wearing a green hat, had zero evidence that that person was wearing a green hat, yet found that they were wearing a green hat anyway, there is a problem in that verdict. And we know there's a problem in that verdict. No rational jury could find that a fellow with a red hat was wearing a green hat. Sotomayor, my problem is that I don't know that it's rational to say that a jury and that sufficiency of the evidence has to do with what was charged as opposed to what was laid out in the statute and or in the indictment. If it's sufficient under both, what you're trying to say now is it may be sufficient under both. You're conceding it is. You're conceding it's a possibility the jury found what was charged in the indictment,  Absolutely. So the fact that that's Sotomayor, do you have any case where we've held that or anything close to it? This Court, no. Have you had any case discussing sufficiency of the evidence where we look to the jury instruction as opposed to the statute and the indictment? I'm not aware of one where that has come up. However, in the circuits, every circuit to consider the issue, as a general rule, accepts this so-called law of the case doctrine. Suppose that there's a two-count indictment and there's plenty of evidence to convict on count one and zero evidence, not one scintilla of evidence on count two, and the jury convicts on both counts. So the defendant is entitled to a judgment of acquittal on count two. But you seem to be saying in that situation the Court would say this is a crazy jury, this is an irrational jury because their verdict on count two is totally ridiculous, and therefore, the defendant is entitled to a judgment of acquittal on count one as well, despite the fact that there's plenty of evidence on count one. Is that what you're saying? Not entirely. It is certainly a reasonable conclusion from the implications of Jackson v. Virginia. However, what's the difference between that and the argument you just made? This Court has treated separate counts as significant and distinct. The Smith case, for example, that the government cites, and given that, I'm not sure that's the right answer in an abstract term, but given that, I believe the same thing would be true where the jury made a terrible decision on one count and an acceptable decision on another count, that you wouldn't cross, in fact, from one count to the other. I could see the argument perfectly well, if this Court were inclined to go there, that yes, a jury that went that off the rails on one count is questionable on everything it did, and one might well question under the Jackson rationale whether or not they properly applied the presumption of innocence and the reasonable doubt standard. That's not unreasonable. Alito, that would be a revolutionary holding. It would. We're not asking this Court to make that. But then I don't see a difference other than a purely formal difference between that situation and what you're arguing. At some level, there is a certain formality to it, but that is Smith. And Smith made that formal distinction, I believe, to cabin the implications of Jackson, and if at the end of the day Jackson makes a good point, but one doesn't want to extend it to its furthest logical reaches, that's reasonable. But within a count, and within a count, and within a count, and within a count. Scalia, of course, this case is even worse than the hypothetical that Justice Alito posits, in that, in his hypothetical, count two was a real count. In this case, the equivalent of count two in the hypothetical was not real at all. It was a misinstruction, which you did not object to. It was not our burden to object, but the reason it's not worse is because of the  Ginsburg, you didn't object because it was favorable to your client. I mean, it's always better if you have two than just one. We didn't object because we were confused. The trial counsel was actually confused and thought this was a case about both. As the government itself sort of acknowledges towards the end of trial, where trial counsel makes a motion, assuming both were in play, and the government understands that trial counsel was confused, it confuses them. Ginsburg Didn't the government correct the indictment so it would be or, not and? They corrected the formal portion of the charge, but all of the allegations, the means, the mechanisms of the conspiracy, the particular facts charged as being supporting acts, all of that included, continued to include, exceeding just as the prior indictment had. And so, understandably or not, there was some confusion, both on the part of counsel, I believe, on the part of the court, potentially on the part of the government, that continued to argue exceeding even through its closing. Roberts Counsel, I'd like to hear your argument on the statute of limitations question at this point. Yes, Your Honor. On the statute of limitations, both parties agree that it is inevitable that a court will review a forfeited limitations bar. Whether it comes at habeas or sooner is really the only question before this Court, because the government concedes that it can be raised as an ineffective assistance of counsel claim if it is a meritorious limitations bar. Our point is, doing it sooner, doing it on direct appeal, doing it while you still have counsel, so take appointed counsel cases, is the better and more efficient way of doing that. Scalia That's a rule that will have application in a lot of other situations. You're saying whenever an error can be raised on habeas, we should accord, no matter that it's been waived, no matter what else exists, we should allow that point to be raised in initial review? Roberts No, Your Honor. That is not what we are saying. Scalia Well, why wouldn't it? I mean, why doesn't it follow? That's your argument. Since it can be raised in habeas, why not do it now? Roberts Because statutes of limitations can be distinguished from those other types of arguments. The habeas argument is merely a reason not to wait, but it can be cabined, our point can be cabined to limitations issues for several reasons. If you look at the habeas cases we cite at the tail end of our blue brief, one, it is taken for granted that the failure to raise a meritorious statute of limitations argument is indeed ineffective assistance. Ginsburg So you are, Mr. Jaffe, at least saying in every statute of limitations case, whatever statute of limitations involved, in every case, the defendant can raise it for the first time on appeal, every statute of limitations? Roberts Yes, though the theory under which that would happen might be different. So in some instances it would be as a plain error question. In other instances it might be on a stronger theory. But yes, that is basically our point, with one exception. Sotomayor Maybe you should get your exception out. Sotomayor The court below, the court below, by waiver, I don't think Roberts Maybe you should just get your exception out and then answer. The exception would be in the example of the Powell case, where the burden to prove withdrawal was actually on the defendant, and not the burden to prove compliance with statute of limitations on the government. The shifting in burdens of proof in that case might be an exception to the general statement I gave Justice Ginsburg. Sotomayor I'd like to get to the substance of your argument, but as I understand your argument, this wasn't a waiver which the court found below. You're arguing it's a forfeiture. Roberts Correct. Sotomayor Forfeiture because it was unintentionally done. Roberts Correct. Sotomayor And so you are going under plain error. Roberts Plain error is the narrowest and easiest of the theory. Sotomayor All right. So you're saying when there's plain error, when there isn't an intentional you don't disagree with the government that there are intentional waivers that you can't raise on appeal of the statute of limitations. We've gotten a few of them here. Roberts For purposes of our case, we would be perfectly content to accept that. Some of our theories, in fact, would be broader. This Court need not reach those broader theories to vote in our favor. Sotomayor All right. So let's assume this is under plain error. Now, let's go to what made this plain. Okay? We have a bunch of cases that say that this is a statute of limitations as opposed to a jurisdictional bar. Why would it be plain that this is jurisdictional? Roberts If you're under plain error, one need not conclude it is jurisdictional. One simply need conclude that the government has failed to bring the suit within the time required by a statute. On its face, the date of the indictment compared to the date of the alleged crime is very simple, very plain. It's more than 5 years. The government may well have a defense relation back, whatever their defense is, and they can raise that. But on its face, it's plain. Sotomayor I'm having a very hard time accepting that argument. If we say that it wasn't plain, that this was a claim processing rule. Roberts I believe there are two separate lines of cases that are getting conflated. Plain error could involve any error. It need not be jurisdictional. It can simply be contrary to statute, which is a non-jurisdictional, merely a substantive statute like the statute of limitations. The jurisdictional argument is a different and separate reason that need not infect or be decided in order to resolve plain error. The error here is simply the statute says you must bring it in 5 years. They brought it in 7. That's error. We fail to raise it, but that's the very purpose of the plain error rule, is to make up for mistakes of counsel who fail to raise things they should otherwise have raised. And so one gets to raise it as plain error. That's what it is. Roberts Your argument really does put this is true of all jurisdictional defenses, but I think it's particularly problematic here, which is it encourages gamesmanship. I mean, if you have what you think is an arguable statute of limitations argument, you know, take your chance at trial, and if you win, fine, but if you lose, then raise this statute of limitations argument. I guess what I'd say is that no sane lawyer would do that, because they subject themselves to claims of malpractice. They subject themselves to the higher standards of plain error review. At the end of the day, it's malpractice. It sounds like a good practice to me for his client. Well, being subject on appeal to the higher standards of plain error review is still a negative. If they end up losing and there was some chance they could have won had they brought it timely, that lawyer has now sent the man to jail based on not merely a mistake, but an intentional decision. Ginsburg That's not true of your jurisdictional categorization if it's jurisdictional and it's not plain error. And your jurisdictional argument surprised me, because you cite a line of cases that were meant to cabin the use of jurisdiction.  Correct. Ginsburg The distinction between plain processing and jurisdictional was to cut back on exorbitant use of jurisdiction, and you just seem to switch it. Fisher I start with the case of Bowles v. Russell and merely point out that on pretty much every single ground in that case and those that follow, this statute is stronger and more clearly a limitation on the court's power. And it wasn't on that the court had held that before, and so it was going to adhere to its prior ruling. Fisher That was some of what Bowles went on, but it gave many other reasons, as did the follow-on cases. And if one looks at the wording of this statute, one may not try or punish. It is a continuing prohibition. It is not merely you can't prosecute, which might just be thought to apply to the prosecutor. This is a restriction on the court. Ginsburg But again, you would be making all statutes of limitations, quote, jurisdictional. Fisher No, we would not, Your Honor. We would look at the wording. Because I believe the wording of this statute is, in fact, unusually strong, particularly with the except as otherwise expressly provided by law, meaning you cannot avoid it by implication. It is such a strongly worded statute. Others might not be that way at all, and one would not need to extend this to differently worded limitations. Kagan I would have the most recent case that we had, which was Wong, makes clear that statutes of limitations generally are not jurisdictional. And I would think suggests that you really have to have language saying it is jurisdictional to overcome that presumption. In other words, just a strong sounding statute of limitations wouldn't cut it, according to Wong. That's the way I would read that. Fisher I would read those cases as dealing with civil situations as opposed to criminal situations, where the limitations period is generally thought of as a period of repose, not as a substantive limit on the government's power. And that's the Toosie case, as well as Bennis, which followed that. I would also point out that the clarity of Congress's language goes to, are you limiting the court, as opposed to merely requiring bring the claim within a certain period of time, but without specifying the consequence of failure. Here, the language is so expressly directed to the court's power, and it does indeed specify the consequences of failure. You may not try or punish any person. Kagan But are you saying that we should adopt a different interpretive rule in the criminal context? Is that what I understood you to say? Fisher I'm saying that you already have, that this Court views criminal statutes of limitations more strictly. It views them as different from civil statutes of limitations. That it's viewed as a limit on the government's power, rather than merely a limit on a litigant's remedies. And that's already the Toosie, and I believe Bennis discusses that at further depth. But you need not reach jurisdiction. I believe the easiest way to reach, to deal with this case, is on the wood and day line of cases, where you have already held that a limitations period cannot be forfeited, it only waived, and that's in the habeas context, admittedly. The sides are flipped. But where the government in the habeas context inadvertently fails to raise a limitations period, it is still allowed to bring that up on appeal. The court on appeal is allowed to raise that sua sponte. I think this case is stronger, once again, on every score than day. And consequently, if day is good law, this case is almost a fortiori, the same result. And one need not give it any further analysis than that, that if the government has to affirmatively waive a limitations objection to a habeas petition, then Petitioner, who has so much more at stake, should have to affirmatively waive a limitations objection to indictment. If I may, I would like to reserve the remainder of my time. Roberts Thank you, counsel. Mr. Martinez. Martinez, Mr. Chief Justice, and may it please the Court. Petitioner is wrong that the sufficiency of the evidence must be measured against an extra element in an obviously erroneous jury instruction. That rule is not consistent with the purpose of sufficiency review. It contradicts how this Court has treated the same issue in civil cases, and its whole purpose and effect is to give guilty defendants windfall acquittals. Ginsburg If it was obviously wrong, why did the government the first time, in the original indictment, charge and? Petitioner It was obviously wrong to include the exceeding authorized access component to the case at the jury instruction stage after the superseding indictments had already made clear that the case was about a conspiracy to commit unauthorized access. And I think my friend on the other side pointed out that Petitioner's counsel was confused as to what the case was about at that stage. But if you look at what Petitioner said the case was about when he was briefing this case in the Fifth Circuit, he made very, very clear that in Petitioner's view, the government had abandoned the conspiracy to commit exceeding authorized access. It had abandoned that with its superseding indictments. It had abandoned that by the fact that when we proposed three different sets of jury instructions as to the conspiracy count, the instructions that we proposed were limited to a conspiracy to commit unauthorized access. Petitioner's other counsel, Mr. Kendall, during his oral argument in the Fifth Circuit, over and over again, at the beginning of his argument, in the middle of his argument, at the end of his argument, emphasized that the government had tried this case as a, quote, unauthorized access case from start to finish. Ginsburg-Miller What if the government asked the judge to correct his charge when the judge made the mistake of saying, and? Fisherman Your Honor, I don't know why we didn't do that. I think obviously the – it would be better for all of us if we had noticed the change that was made. I will say that the change was made at the last minute. The parties had had a charging conference the day before when the erroneous language was not at issue. Petitioner had never asked for the exceeding authorized access language to be included in the instruction. We had proposed three different sets of jury instructions that didn't include that language. It was a mistake on our part. And we suffered the consequences of the mistake in the sense that at that point the jury was charged incorrectly. But if the jury had acquitted Mr. Musascio based on its view that there was insufficient evidence with respect to the extra element, under this Court's decision in Evans, we wouldn't have been able to appeal that. That would have been the end of the case. Alito And why was the instruction erroneous? You concede that these two methods of violating the statute are discreet? They're not just different ways of describing the same thing? Fisherman We do think that they are discreet, and we think that's consistent with our sort of general reading of the statute and with the way the courts have addressed it. I think they are very closely related. I think what we agree with what Petitioner said in his petition at page 4, which was that these are essentially two different ways of committing the same crime. Alito Well, suppose you had an indictment charging someone with exceeding authorized access, and there was a factual dispute about, let's say, the date on which the employee's employment ended. So, therefore, the date on which any authorized access that the employee had to records of the employer ended, you would say that if you did not succeed in proving beyond a reasonable doubt that as of the date when the access was obtained, the employee had ceased to be employed, that that employee would be entitled to judgment of acquittal? That seems rather odd. Fisherman Just, Alito, I don't want to resist a broader reading of the statute, but I would only say that the statute defines the term exceeding authorized access in a way, this is at page 11a of our statutory appendix, said the term, it says the term exceeds authorized access means to access a computer with authorization and then to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain. So if there were a circumstance in which there was no authorization in the first place to access the computer, I think we would be in trouble. But we would, of course, have the other way of proving that the statute had been violated, which was the unauthorized access charge. And that's why, in this case, I think there was no dispute and there was no confusion whatsoever that a conspiracy to commit unauthorized access was alleged. It was overwhelming evidence that Petitioner hasn't challenged on that point. And there were, of course, two substantive convictions, counts 2 and 3 of the indictment, which had to do with unauthorized access. Kennedy, I understand your argument about, in effect, that this was harmless error. But something on page 20 of your brief, you would like us to write in an opinion on the very first line of page 20, even if courts should generally look to jury instructions when assessing the sufficiency of the evidence, which they should not, you want us to write that in an opinion. It seems to me that would surprise many, many lawyers. First, what we look at when we look at insufficiency questions, what are the instructions? So you want to say, oh, well, don't look at instructions. Well, I think, Your Honor, in the vast majority of cases, the instructions are going to correctly reflect the State statute that's being charged. Kennedy, but you say that we shouldn't look to jury instructions when assessing the sufficiency of the evidence. I think that's an astounding proposition. I don't think it's astounding at all, Your Honor, and I think that's expressly what the Court said in the Jackson case. If you look at the footnote 16 of Jackson, the Court said that when conducting the sufficiency analysis, that the analysis should be conducted with, quote, explicit reference to the substantive elements of the criminal offense as defined by State law. Kagan That suggests that you wouldn't even look to the indictment, that you would just look to the statute. I think you would have to look to the statute, but the indictment would tell you which statute is being charged. Well, it's, frankly, a style point rather than a substantive point, but it does seem to me that we should not put that in the opinion. Well, I think that you shouldn't put that in the opinion. I would agree with you on that, because I think that on our first argument, what you should clarify, and you can apply the same rule, essentially, that the Court has applied in the civil context, when you've recognized that jury instructions and sufficiency review are essentially on two different tracks. And when the issue in the case is an instructional error, then I think it's fair to look to what the parties said about the instructional error. But if the issue is sufficiency, and there's no dispute, if the issue is sufficiency, then I think the place to look would be the elements of the crime as defined by the statute. I think that's what Jackson says, and I think that's what the Court essentially held in the civil context in cases like Kropotnick and Boyle. Kagan I'm sorry. Just going back to this question of whether it's the statute or the indictment, you think you just look to the indictment to tell you which statute to look to, but if the indictment would, let's say, add an extra element, that doesn't matter? You should look to the statute in the same way that you're suggesting here we shouldn't look to the instructions? I think the purpose of the indictment is to give the defendant notice of the crime with which he's charged. But a lot of times, as the Court well knows, the indictment is going to be a lengthy document that contains a lot of allegations, a lot of different facts. What this Court has made clear is that just because the indictment says something happened at a certain time or in the narrative of description of the offense, it includes some information, that doesn't mean that the government is required to prove everything that's identified there. Kagan But I guess it is that does seem a little bit troubling to me just because of the defendant gets the statute wrong, that the government should be stuck with that because that's what, you know, that's what the defendant now thinks is the charge. I think that in a case like the end, it may be that in a different case where I would have to see the indictment that you're hypothesizing, Justice Kagan, but in a case like this where the indictment says this is the statutory offense and it identifies the statutory code provision and it says unauthorized access, so it makes clear that the conspiracy being alleged here is the unauthorized access branch of a 1030-A2 violation. I think that shows you what the — that points to the law that needs to be applied. Ginsburg I thought that the government agreed that if the charge in the indictment was add A and B, the government would have to prove A and B if that was what the indictment charged. Kagan I think if the indictment had said that the conspiracy here was to do — was to do A and B, the normal rule is that if that charge says A and B, the government could nonetheless prove the conspiracy theory under A or B. And then the jury instructions could so specify. And so I think — I think that's fairly well established that the government can charge in the conjunctive in that sense. But I think what's important for this case is that the indictment in this case was very specific. It changed from the original indictment, which had alleged the broader conspiracy to both commit unauthorized access and to exceed authorized access, and it went to a narrower conspiracy that just charged unauthorized access. And that's why Petitioner's counsel said repeatedly in his brief Senate oral argument on appeal, this was an unauthorized access case from start to finish. Roberts Counsel, you can imagine cases, can't you, where the instruction on an additional element could cause prejudice to the defendant? I think one could imagine such a case, and I think that the proper — Let me try just for an example. If the additional element would cause the reasonable jury to focus on particular evidence, particularly damning evidence that they might otherwise not have highlighted in their discussion? Mr. Chief Justice, I think in a case like that, I think the proper way to analyze that case would be the way you would analyze any case where the root error is an instructional error, and you would look to that, and if you thought it was prejudicial, you might remand the case or vacate the conviction but allow for a new trial. But that's not what Petitioner is asking for. What he's asking for is an acquittal, despite the fact that the jury found with respect to all of the actual elements of the crime, there was sufficient evidence as to those actual elements. And I think the other point to add is that this is not a case, this particular case, does not involve the kind of confusion that you're hypothesizing. Petitioner argued this confusion theory in the Court of Appeals, and the Court of Appeals — and this is at page A-10 of the Petition Appendix — the Court of Appeals expressly rejected the theory. The Court of Appeals said that if, you know, the only error here was the erroneous jury instruction, and if that jury instruction had any effect in this case, it worked only to the benefit of the defendant. I mean, Petitioner here really got a trial that was biased in his favor, which is very unusual for a defendant. And what he's trying to do is piggyback off of a trial that was biased in his favor and nonetheless, you know, sort of piggyback on that error and get an appeal that's in his favor. Sotomayor, I'm trying to break this down. Let's assume that this had been charged as or. In the jury instruction? In the jury instruction. And you can see there was no evidence of the second prog, of the exceeding authorized. How would we look at the case then? It's not A plus B, and we know they had to have found A and B, and if they were wrong on B, they still found A. This is — we're not sure which they did, A or B. Right. And I just want to be clear. And B is not actionable. Let's just say, or there's insufficient evidence. By assumption, if we assume, and we do not concede, we think there's overwhelming evidence of both A and B. But if you were to assume that there were not evidence of the extra element, I think then the question would be whether there was some sort of unanimity instruction that would have been required to specify which particular theory. It's not this case, and, you know, to be honest, we have to. That's interesting, because I'm not sure that that's true. Well, I think in this case, because of the fact that A and B are two different ways of committing the same crime, you would not need a unanimity instruction. But I think, I take it the Petitioner would have a different view of that, and that would pose a legal question that obviously the parties could brief in an appropriate case. It would be a slightly more complicated case. My hypothetical was that B is not statutorily proper. Oh, that B is not a proper at all. Yes. Well, in that case, I think that that would pose harder questions for the government, because there, I think, there would be some confusion, there could potentially be confusion that it's possible that the jury might have convicted on a theory that's not legally viable. So just to go back, Your Honors, I think that the purpose of sufficiency review, both from Jackson and the due process origins of sufficiency review, they make clear that jury instructions are distinct. This Court's decisions in Proprotnick and Boyle make clear that forfeiture in the context of jury instructions doesn't carry over into the sufficiency context. And I think the practical point is very significant here, which is that his rule is only going to have an effect in cases where a jury has found the defendant guilty as to all the actual elements of the crime, where there's sufficient evidence as to all the actual elements of the crime, and where there's no confusion. And so we think this is a rule that's designed to produce windfall acquittals. Kagan's. Kagan's. Suppose you took a converse case where the instructions favored the government and the defendant didn't object, is convicted, then brings a sufficiency claim, do you again say it really is measured as against the statute, it has nothing to do with the instructions? Yes. We think that if there had been an obvious clerical error in the defendant's favor and he had made all the right arguments at trial about sufficiency, and we don't think that the error on the instructional point would carry over into the sufficiency of the evidence review. So we have a neutral rule that really applies equally to both sides. If there are no more questions as to the first question presented, perhaps I can turn to the statute of limitations issue. I have a sort of a threshold question on that. Your friend says that he really doesn't have to demonstrate that the statute here is jurisdictional, because even if it's not jurisdictional, he wins anyway. Do you agree with that? I don't know what the plain error is if it's not jurisdictional. We don't think there is a plain error, partly because it's not jurisdictional and partly for other reasons. Maybe I could step back and just give the Court my understanding of how I understand the arguments that he's making. I think he's got basically three distinct arguments. The first is that it's jurisdictional, which would mean that it's not waivable, that the Court always has a duty to raise it at any time. The second argument In which case there would be plain error? In which case I think In which case the trial court's failure to raise it would be error? I think it would be error, but I think what Petitioner would say is that he doesn't have to satisfy the plain error rule because if it's jurisdictional, then it can be raised and must be raised at any time. So I think his second argument is that he can get de novo review, even if it's not if he raises it for the first time on appeal. And I think his third argument is he has he can get plain error review. We think each of these arguments is wrong. First of all, with respect to the jurisdictional point, this Court has said for over 140 years that the statute of limitations is a matter of defense, that the defendant has the burden of introducing into the case. That's completely contradictory to the idea that the statute of limitations is jurisdictional, which would mean that the government as the party invoking the jurisdiction of the Court would have the burden of establishing compliance with the statute of limitations. Sotomayor, how do you deal with his argument that we should, if in a civil case we make a presumption that a statute of limitations is a claim processing rule, in a criminal case we should have the opposite presumption because of, A, the rule of lenity, and, B, because it is a question of the power of the government? I don't think you should have that presumption. I think that this Court, the ship has already sailed to some extent, because this Court, again, for 140 years, from Cook through Bittinger to this Court's decision in Smith, just a few terms ago, has said that the statute of limitations is a matter of defense that has to be introduced into the case by the defendant. And I think if Petitioner's primary argument, his jurisdictional argument were accepted, that rule would go out the window and what would be required is that the government and the court would have to establish and raise the jurisdictional – would have to establish the statute of limitations was not violated in every case. Alito, why shouldn't the rule in this context be the same as the rule for timely filing a Federal habeas petition? Well, I think that for a couple of reasons, the most important of which is that Rule 52b governs this case, where Rule 52b does not directly govern the filing of a habeas petition. And so Rule 52b makes clear that the exclusive means by which a criminal defendant can obtain appellate review of a claimed error where they didn't object below is by satisfying the four-prong Olano standard. And in the habeas context, that rule doesn't apply. If you look at the Court's analysis in one of the habeas cases, which was drawn on by the other, the Day v. McDonough case, the Court emphasized that its holding was valid there because, in part, there was no rule to the contrary. Here, you have a rule to the contrary. I think the second point that can be made on those – on this front is that the habeas context is special. And I think the Court's decisions in both Day and in Wood v. Milliard really emphasize that what's driving those cases is a desire to have a rule that takes account of the habeas context, the desire to have finality with respect to criminal convictions, and the desire to harmonize the rule that applies to statute of limitations with the rules that apply to other threshold barriers to habeas relief. Alitoso, do you think that the State's interest in the habeas context, in finality and comedy, is stronger than the defendant's interest in a direct criminal appeal in requiring that the charge be filed on time where what's at stake is a criminal conviction? I think that – I think that criminal defendants are obviously going to have an interest in raising arguments that they think are meritorious when they didn't raise it below. I do think that there's a very significant legal difference in that those types of policy concerns don't really – are not really applicable in – when you're talking about a direct appeal because Rule 52b sort of blocks that. And I also think that the reasoning of cases like Day and Wood really does turn on the fact that you had a statute of limitations rule and you had a bunch of other rules governing sort of threshold barriers to habeas relief, rules about procedural default, rules about exhaustion, rules about retroactivity. And what the Court said in both of those cases is that it's trying to harmonize those rules. And the Court had to do that. Alitoso, just take a situation where under the habeas rule it would be proper for the district court to raise the statute of limitations defense on its own motion. Why would that not fit within the plain error rule? I think that for it to fit within the plain error rule, and so we would be shifting, I think, to Rule 52b, you would – the defendant would need to show that there's both an error and that the error is obvious. And as Justice Scalia was hinting at perhaps with his question earlier, we don't think there's an error here. The statute of limitations is an affirmative defense, and therefore the burden is on the defendant to raise that issue. In the Cook case, the Court made clear that if there's an indictment that alleges a crime that's outside the statute of limitations, that indictment is nonetheless not necessarily or inherently flawed unless the statute of limitations defense is raised and subsequently litigated. Scalia. It still in all doesn't make any sense to say we're going to let him off on habeas because of inadequate assistance of counsel who failed to raise the statute of limitations and yet he cannot raise that point on appeal, on direct appeal, make him go through – why? Why make the society incur more expense, make him probably languish in jail when he's going to get out on habeas? Why not decide that statute of limitations thing in the direct appeal? Fair in mind I dissented in both Day and Wood, so. As I recall, Your Honor, I think there's a couple of reasons. The strongest is that the difference in the habeas context is that the record can be developed. When you're looking at a case under Rule 52b, this Court has always treated review under 52b as being limited to the existing record, whereas in a habeas case the record can be developed. And that's very important in two fundamental ways. First, it's important to know why the defense was not raised by the defendant at the appropriate time. The defendant's going to have, and including in this case, could have a very strategic reason for not raising the defense during the trial. And I can get into that in this particular case if the Court is interested. In the second – so that's one reason why it's important to have a record. And the second reason is the government has to have the ability to introduce evidence if it wants to, to rebut or establish compliance with the statute of limitations defense. That's what this Court said in Cook. In Cook, the whole point of the case was that it's unfair to allow for an indictment to be dismissed on a demur because that would deprive the government of its right to reply and give evidence to establish compliance with the statute of limitations once the defense is raised. So on direct review, the record would be frozen and you wouldn't be able to look outside the record, whereas on habeas you would be able to look outside the record. In addition, I think it's very important to sort of look at the theoretical basis for the error and recognize that it doesn't satisfy Rule 52b in the way that that rule has traditionally been thought about. First of all, Rule 52b is generally about things that the trial judge is supposed to notice on his own. And what this Court has said about statute of limitations, including in the Day case, is that the trial court doesn't have an obligation to serve as the co-counsel or the paralegal for the defendant. It doesn't have an obligation to go searching through the record and finding potential defenses for the defendant. Rather, that's something that the defendant himself has an obligation to do. Alitoso, the court of appeals in a direct appeal sees that the statute of limitations for a particular offense is 6 years, and the indictment was filed 25 years after the event. Can the court of appeals say to the government, look at this, it looks like it's too late, do you have any explanation for this? And the government says, well, no, it doesn't, we can't think of anything. You'd have to wait until habeas to correct that? I think that the better way is to wait until habeas to correct that. And the reason for that is that Rule 52b is limited to the existing record. And as Your Honor made clear in your hypothetical, the only way you can figure out that there's an error in that case is by looking outside of the existing record and asking the government, well, what's your explanation, what evidence do you have, what would you have done differently if this had been raised before? Well, that might be true sometimes, but it doesn't seem as though that's the ordinary case. I mean, why would you have you could you can make an exception for cases in which they're really the government has is able to come in and say we really need to develop the record. But where that's not true, why wouldn't you decide this as quickly as you could? I think I appreciate the sort of practical concern embedded in that question. I think as a formal matter, you would still need to be looking outside the record. Why formal? I mean, we've been through this many times. It comes up in all kinds of instances. People are always alleging, not always, but often allege that their counsel was inadequate. Sometimes it would be possible to know that on direct appeal. But in the mine run of cases, you want to find out from the counsel why he did it. And therefore, I think every circuit, I don't know what this Court has said, has said that you raise IAC claims in collateral proceedings. Now, if we start making exceptions from that, you're going to get a jurisprudence of when the exception comes up and when it doesn't. And how clear does it have to be? And then we'll just add further delay, because I guess if I were a court of appeals judge and I saw some obvious mistake, I would say go file it tomorrow. Right. And I think that's the better way to handle this, because the alternative is to to because we see some cases that look like they'd be pretty easy to decide is to say, well, let's erode what would otherwise be pretty hard and fast rules about how Rule 52b is supposed to operate. Again, we don't think there's an error under Rule 52b, because this isn't something that a trial judge is supposed to figure out on his own. We don't think that an error is plain on the record, because the record itself is not sufficient in and of itself to show that there's an error. And so we think that if you have a rule that says sometimes you should bring it in plain error, sometimes you should bring it in habeas, it's going to create a lot of confusion, both for courts and for litigants. You're going to be litigating about when the exception applies, when the exception doesn't apply. And I think that you think that's very likely that the trial court might do that. We would think that because there are sometimes strategic reasons for not raising the defense, you know, the trial judge should do it in a way that it doesn't interfere with those strategic concerns. We don't think that there's a problem if the judge does it that way, but we certainly don't think there's an obligation, and we don't think it's an error if the judge doesn't do that. What type of strategic reason are you talking about? Well, I think there can be a couple of them. In this case, for example, the original indictment was undoubtedly filed within the limitations period. Now, that indictment was superseded, but if the defendant had raised in a pretrial motion a motion saying, you know, the superseded indictment is out of time because it doesn't relate back, and he had won, the effect of that would have been just to resurrect the original indictment, which had never been dismissed. And so if he had actually raised this before trial and he had succeeded on his statute of limitations challenge to the superseding indictment, we would have just been back in a world where the original indictment applied, and as the Court has noted, the original indictment was somewhat broader than the superseding indictment. And so that might have been a good reason. In another case, there may be circumstances in which a defendant's statute of limitations defense will be in contradiction to his defense of innocence. You know, it's one thing to say, I was in Hawaii when the crime was committed, and it's another thing to say, I committed the crime on January 1st and not on, you know, March 15th. And so there may be, you know, the defendant might look at those arguments and decide he's going to pick the stronger horse, and he might decide he doesn't want to raise the statute of limitations defense for that reason. Sotomayor, could you summarize for me your position on the three arguments he made? Sure. I know the jurisdictional one. Yes. But then there's the other two. So on his claim for de novo review on appeal, we think that's inconsistent with Rule 52b, and we think that that misreads Wood and Day, the habeas cases, because those are really about the habeas context. He makes another argument about Nguyen. We don't think Nguyen is a kind of all-season pass for ignoring Rule 52b. And then finally, with respect to plain error, we think there are two overriding arguments. The first one is that we don't think there's an error here. For there to be an error, we think the statute of limitations would need to be something that the trial court is supposed to have an obligation to sort out. We don't think the trial court has that obligation, because this Court's cases say that the statute of limitations is an affirmative defense that has to be raised by the defendant. Even if you disagree with us on that, we think that Cook makes clear that whenever a statute of limitations defense is raised in a case, the government has to have the opportunity to reply and give evidence. And what that means is that if the defense is not raised, the government has not even had the opportunity to explain what evidence it would have brought in. What that means is that the record as it stands, the existing record, is not sufficient to diagnose an error, because you would have to essentially figure out, well, could the government have responded? Would they have argued that there was tolling of the statute of limitations? Would they have introduced a different set of evidence? You would have to essentially reimagine how the trial would have gone if the defense had been raised at the appropriate time. And if you're trying to reimagine that, that's another way of saying the error is not plain on the existing record. Sotomayor, So what would you argue if this was brought up on habeas? Let's assume counsel comes in and says, I just didn't notice it. In this particular case, Your Honor? Sotomayor, And it's very clear, and the evidence was super clear, that this was past the statute of limitations. I don't want to get into the fact that it's there. Martinez, I think in some cases I think it would be fair for the parties to litigate why the defense wasn't raised. So if it looked like there may have been a strategic reason, such as there may have been in this case, then the parties could litigate that. I think as well, if there were no dispute about the merits, then I think that would be a case in which a habeas relief may well be appropriate if the party, if the defendant could establish the requirements of ineffective assistance of counsel. We ask the Court to refer. Roberts. Thank you, counsel. Four minutes, Mr. Jaffer. Jaffer, on the issue of whether or not the jury instructions are binding, several points. First of all, the confusion persists to this day. Just as Justice Alito is pointing out that it's very difficult to see the difference between unauthorized and exceedingly unauthorized access, that, too, would have infected the jury. We could not prove it sufficiently to show prejudice, but they cannot prove it sufficiently to show harmlessness or inevitability of a conviction had you not so instructed them. Second of all, I believe that Jackson v. Virginia talks from a jury-centric perspective. The issue is not the statute. The issue is whether a rational jury could have done what they did. And that only works if you look at the instructions. It does not work if you look at some hypothetical statute that they didn't think they were applying. They thought they were doing something different. Third, their objection that we acknowledged that this was only about unauthorized access is curious because he cites the appellate stuff where there was new counsel, yet his own side's briefs at the trial level recognized that trial counsel was confused. Yes, after that confusion was resolved post-verdict, we argued, okay, the government abandoned it. That's fine. We absolutely argued that. But at trial, the harm was already done. They had confused themselves, they had confused the jury, and apparently confused the judge. Third, it seems to me that the phrase unauthorized access is not actually even in the statute, which just goes to my point that there would be confusion as to access without authorization and access exceeding authorization. Both could have theoretically been part of the rubric of unauthorized access. Neither would be authorized there. The third thing, moving on to the other, well, I guess the last thing I'd say is every court to consider the question, if this had been in the original indictment where it also said and, and in the jury instructions, every court to consider this issue, including the Fifth Circuit below, including the First Circuit, would have held the government to it. I don't think the government denies that. They just say if it's in the indictment alone, they can do either or. But if it's in the indictment and in the instructions, they concede that the so-called law of the case is binding. The easy way for this Court to resolve it is to say that the law of the case is binding. Ginsburg. The law of the case, that applies on appeal. I thought that law of the case applied to the same court, different stages of litigation, not that a court of appeals has to perpetuate a trial court error. Fisherman. Law of the case is a terrible name. We, unfortunately, didn't come up with it. The government and we both agree that it's not an accurate descriptor. It's just a phrase that's been used in all the cases. At the end of the day, the issue is are the instructions binding at the sufficiency stage, whatever court you're in. That's really the issue. The law of the case cases don't really apply because they're misnamed. Turning to statute of limitations, what I'd say is this. There is error when something is contrary to law, whether or not it was the judge's obligation to raise that. The Apprendi, the post-Apprendi cases, are the best examples of this. The judges applying pre-Apprendi law did not make a mistake, were not expected to anticipate Apprendi. Yet on appeal, those cases were considered erroneous because this Court adopted Apprendi. Again, it is not about whether you made an objection or whether the Court should have thought of it themselves. It is about the merits of the result. And in this instance, we claim the statute of limitations was violated. That is the error, regardless of who needed to raise it. Talking about raising the issue, again, calling the statute of limitations an affirmative defense is a little misleading. It is not an affirmative defense. One has to plead it. But the government has to actually prove that they satisfy it. It is a hybrid kind of creature. And Cook and those cases deal with pleading because they wanted the government to have the opportunity to respond. We do not disagree. The government should have the opportunity to respond. And in the First Circuit, the Seventh Circuit and the Sixth Circuit, if there is some need for evidentiary submissions, they just remand it, get it done more quickly with the court that actually heard the case, which makes a lot more sense than waiting till habeas. Roberts. Thank you, counsel. The case is submitted.